## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

KENNETH BOSTIC,                        :

                                       :        CIVIL ACTION No. 02-CV-2647

                                       :

                    **Plaintiff,**     :

          **v.**                       :

                                       :

**HOME DEPOT USA, INC.,**              :

                                       :

                    **Defendant.**     :

_____ :

### <u>ORDER</u>

          AND NOW, this _____ day of _____, 2001, it is hereby ORDERED that

Defendant Home Depot USA, Inc.'s Motion to Dismiss Count I of Plaintiff Kenneth Bostic's

Complaint is GRANTED in favor of Defendant.

                    BY THE COURT:


                    _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| | : | |
| **KENNETH BOSTIC,** | : | **CIVIL ACTION No. 02-CV-2647** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **HOME DEPOT USA, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

_____ :

### DEFENDANT'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT

Defendant Home Depot USA, Inc. ("Defendant"), by and through its attorneys, hereby requests that this Court issue an Order pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) dismissing Count I of Plaintiff Kenneth Bostic's ("Plaintiff") Complaint. Even assuming the allegations in the Complaint are true, Count I of Plaintiff's Complaint does not state a valid claim upon which relief can be granted because Plaintiff failed to timely appeal the Philadelphia Commission on Human Relation's dismissal of his claim pursuant to Phila. Code § 9-1107(10). Accordingly, Count I of Plaintiff's Complaint is barred.

In support this Motion, Defendant relies upon the attached Memorandum of Law.

Respectfully submitted,

HOME DEPOT USA, INC.

By its attorneys,

_____
JUDITH E. HARRIS (#02358)
LISA ANN COONEY (#80192)
LIGIA I. MENDEZ (#84602)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

DATED: June 20, 2002          Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————
|  | : |  |
|---|---|---|
| **KENNETH BOSTIC,** | : | **CIVIL ACTION No. 02-CV-2647** |
|  | : |  |
| **Plaintiff,** | : |  |
| **v.** | : |  |
|  | : |  |
| **HOME DEPOT USA, INC.,** | : |  |
|  | : |  |
| **Defendant.** | : |  |
———————————————————  :

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT**

### I.     INTRODUCTION

This action arises out of Plaintiff Kenneth Bostic's ("Plaintiff") former employment with Defendant Home Depot USA, Inc. ("Defendant"), and the termination of his employment relationship with Defendant on May 30, 2000.  On May 31, 2002, Plaintiff filed a two-count Complaint against Defendant for: (1) violations of the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101 et seq. ("PFPO"); and (2) wrongful discharge under Pennsylvania common law.  Even assuming that the alleged facts asserted in the Complaint are true, Count I simply fails to state a legally viable claim for relief under the Philadelphia Code. As a result, Defendant now moves to dismiss that count pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### II.     STATEMENT OF COMPLAINT'S ALLEGATIONS

For purposes of this motion only, Defendant accepts as true the following facts alleged in Plaintiff's Complaint.  On November 8, 1999, Plaintiff began working for Defendant at one of its stores in Philadelphia, Pennsylvania.  (Complaint at ¶ 12).  On March 30, 2000, Defendant terminated Plaintiff's employment for violating Defendant's time clock policy.

(Complaint at ¶ 15).

After his termination, Plaintiff filed a Complaint with the Philadelphia Human Relations Commission ("Commission"), alleging that Defendant had discriminated against him on account of his race.  (Complaint at ¶ 9).  On July 26, 2001, the Commission dismissed Plaintiff's Complaint.  (Complaint at ¶ 10).

Plaintiff commenced this action via Praecipe to Issue Summons on March 27, 2002, in the Court of Common Pleas of Philadelphia County, Pennsylvania, Civil Action No. 004064.  (Complaint at ¶ 5).  On May 2, 2002, Defendant filed a timely Notice of Removal. (Complaint at ¶ 6).

## III.   ARGUMENT

### A.   Standard of Review.

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court must accept the Complaint's allegations as true and view them in the light most favorable to Plaintiff.  Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  If after doing so, it appears that Plaintiff can prove no set of facts that would entitle him to relief, the Court should dismiss the Complaint.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  As set forth in the paragraphs that follow, Count I of Plaintiff's Complaint fail as a matter of law and thus, this Court should dismiss it.

### B.   Plaintiff's Claim Under the PFPO Is Barred As Untimely.

In Count I of the Complaint, Plaintiff alleges that Defendant, by the acts alleged in the Complaint, has violated the PFPO.  Based on the allegations set forth in Plaintiff's Complaint, however, his claim under the PFPO is barred as untimely.

Pursuant to Section 9-1107(10) of the Philadelphia Code, "any person aggrieved by any order of the Commission may appeal to any court of competent jurisdiction within (30) days after the mailing of notice of such order to the aggrieved party or his attorney by the Commission." Phila. Code § 9-1107(10). If a party fails to file his/her claim in a court of competent jurisdiction within 30 days after receiving notice of the Commission's dismissal of his/her complaint, plaintiff's claim is barred under the Philadelphia Code. <u>Ige v. City of Philadelphia School District</u>, 647 F. Supp. 641, 643 (E.D. Pa. 1986) (finding that plaintiff's PFPO claim was barred where Plaintiff failed to bring claim to court of competent jurisdiction within 30 days after Commission dismissed administrative complaint; "[n]ot having been brought with that 30-day period, plaintiff's appeal is barred."). <u>See also</u> <u>Jones v. Progress Lighting Corp.</u>, 595 F. Supp. 1031, 1032 (E.D. Pa. 1984) (noting that procedure under § 9-1107 applies to plaintiff's right to appeal Commission's dismissal of administrative complaint to the Pennsylvania Court of Common Pleas).

As set forth in his Complaint, the Commission dismissed Plaintiff's discrimination complaint on July 26, 2001. Therefore, pursuant to Section 9-1107(10) of the Philadelphia Code, Plaintiff had 30 days, or until August 25, 2001, to appeal the Commission's dismissal and bring a civil action in a court of competent jurisdiction. Plaintiff did not file his Praecipe to Issue Summons, however, until March 27, 2002 – approximately eight months after the Commission dismissed his administrative complaint. Accordingly, because Plaintiff failed to appeal the Commission's dismissal within 30 days after the dismissal, Plaintiff is barred from

proceeding with his PFPO claim.  Thus, Defendant respectfully requests that this Court dismiss

Count I of Plaintiff's Complaint.

Respectfully submitted,

HOME DEPOT USA, INC.

By its attorneys,

_____
JUDITH E. HARRIS (#02358)
LISA ANN COONEY (#80192)
LIGIA I. MENDEZ (#84602)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
(215) 963-5000

DATED: June 20, 2002                    Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I, Ligia I. Mendez, hereby certify that a true and correct copy of the foregoing Motion to

Dismiss Count I of Plaintiff's Complaint and supporting Memorandum of Law were served via

First-Class Mail, postage pre-paid, this 20th day of June 2002 upon the following:

> Mark S. Scheffer
> 700 Stephen Girard Building
> 21 South 12th Street
> Philadelphia, PA 19107
>
> Attorney for Plaintiff

_____

Ligia I. Mendez (#84602)