IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH BOSTIC, : | CIVIL ACTION No. 02-CV-2647 |
| Plaintiff, : | |
| v. : | |
| HOME DEPOT USA, INC., : | |
| Defendant. : | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO COUNT II OF PLAINTIFF'S COMPLAINT**

Defendant Home Depot USA, Inc. ("Defendant"), by its attorneys, hereby answers Plaintiff Kenneth Bostic's ("Plaintiff") Complaint in accordance with the numbered paragraphs thereof below.

1. Defendant admits that its records reflect that Plaintiff is an individual citizen of the Commonwealth of Pennsylvania residing at 5707 Woodcrest Road, Philadelphia, Pennsylvania, 19139.

2. Admitted.

3. Admitted.

4. Admitted in part; denied in part. Defendant admits that Plaintiff purports to set forth claims under the Philadelphia Fair Practices Ordinance, Philadelphia Code ' 9-1101 et seq., and the common law of Pennsylvania. Defendant denies the remaining allegations contained in Paragraph 4.

5. Admitted.

6. Admitted.

7. Admitted in part as modified; denied in part. Defendant admits that Plaintiff filed a Motion to Remand this action to the Philadelphia Court of Common Pleas purporting that his Complaint seeks relief exclusively under state law. The remaining allegations set forth in Paragraph 7 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the remaining allegations contained in Paragraph 7.

8. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to which "times material hereto" Plaintiff refers to in Paragraph 8, and therefore, Defendant denies this allegation. The remaining allegations contained in Paragraph 8 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the remaining allegations contained in Paragraph 8.

9. Admitted in part; denied in part as stated. Defendant admits that Plaintiff filed a Complaint of discrimination with the Philadelphia Commission on Human Relations on May 30, 2000. The remaining allegations contained in Paragraph 9 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies these allegations.

10. Admitted in part; denied in part. Defendant admits that the Philadelphia Commission on Human Relations dismissed Plaintiff's Complaint by letter dated July 26, 2001. The remaining allegations contained in Paragraph 10 constitute conclusions of law, or purport to characterize a document that speaks for itself, and thus, no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies these allegations.

11. The allegations contained in Paragraph 11 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies these allegations.

12. Admitted.

13. Admitted in part; denied in part. Defendant admits that Plaintiff sustained an injury on December 8, 1999. Defendant is currently without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 13, and it therefore denies those allegations.

14. Admitted as modified. Defendant states that it placed Plaintiff on a light-duty assignment covering the store's Credit Card Center when he returned to work after his December 8, 1999 injury.

15. Admitted in part as modified; denied in part. Defendant admits that Plaintiff's employment with Defendant was terminated on March 30, 2000 for violating Defendant's time clock policy. Defendant denies the remaining allegations contained in Paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

### COUNT I – PFPO

20. Defendant incorporates by reference its responses to Paragraphs 1 through 19 of Plaintiff's Complaint as if set forth fully herein.

21. No response is required pending determination of Defendant's Motion to Dismiss. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in Paragraph 21.

22. No response is required pending determination of Defendant's Motion to Dismiss. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in Paragraph 22.

## COUNT II – WRONGFUL DISCHARGE

23. Defendant incorporates by reference its responses to Paragraphs 1 through 19 of Plaintiff's Complaint as if set forth fully herein.

24. Denied.

25. Denied.

26. The allegations contained in Paragraph 24 are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies these allegations.

27. Denied.

28. Denied.

29. Denied.

## RELIEF

The remaining allegations set forth in Plaintiff's Complaint are prayers for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations.

## SEPARATE DEFENSES

### FIRST DEFENSE

To the extent Plaintiff has failed to mitigate damages, his claims for relief are barred, in whole or in part.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or jurisdictional prerequisites to filing suit under the Philadelphia Fair Practices Ordinance.

### THIRD DEFENSE

Defendant reserves the right to assert any additional separate or affirmative defenses which are made known during discovery.

### FOURTH DEFENSE

Home Depot exercised reasonable care to prevent and promptly correct any discriminatory behavior and/or Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Home Depot or to otherwise avoid harm.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he has failed to exhaust his administrative remedies.

### SIXTH DEFENSE

Counts II of Plaintiff's Complaint is barred, in whole or in part, by the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor on all claims asserted by Plaintiff and award Defendant its reasonable attorneys' fees and expenses incurred in defending this action, as well as such further relief as is just and proper.

                Respectfully submitted,

                HOME DEPOT USA, INC.

                By its attorneys,

                _____
                JUDITH E. HARRIS (#02358)
                LISA ANN COONEY (#80192)
                LIGIA I. MENDEZ (#84602)
                MORGAN, LEWIS & BOCKIUS LLP
                1701 Market Street
                Philadelphia, PA  19103
                (215) 963-5000

DATED: June 20, 2002            Attorneys for Defendant
                                      Home Depot USA, Inc.

## **CERTIFICATE OF SERVICE**

I, Ligia I. Mendez, hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint was served via First-Class Mail, postage pre-paid, this 20th day of June 2002 upon the following:

>Mark S. Scheffer
>700 Stephen Girard Building
>21 South 12th Street
>Philadelphia, PA 19107
>
>Attorney for Plaintiff

>_____
>Ligia I. Mendez (#84602)