IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH BOSTIC,** | : | CIVIL ACTION No. 02-CV-2647 |
| Plaintiff, | : | |
| v. | : | |
| **HOME DEPOT USA, INC.,** | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND AND AMENDED NOTICE OF REMOVAL**

**TO:** THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Home Depot USA, Inc. (Defendant) hereby opposes Plaintiff Kenneth Bostic's ("Plaintiff") Motion for Remand and respectfully requests that the United States District Court for the Eastern District of Pennsylvania retain jurisdiction over this action on the basis of diversity, and deny Plaintiff's Motion to Remand this action to the Court of Common Pleas of Philadelphia County, Pennsylvania. Defendant's Removal is based on the following:

1. The above-captioned action was commenced against Defendant via Praecipe to Issue Summons on March 27, 2002, in the Court of Common Pleas of Philadelphia County, Pennsylvania, Civil Action No. 004064. In the Praecipe to Issue Summons ("Praecipe"), Plaintiff asserted claim(s) against Defendant for "employment discrimination." The Praecipe did not allege the citizenship of the parties or set forth any specific claim(s) for monetary relief. A copy of the Praecipe is attached hereto as Exhibit A.

2. Plaintiff has previously alleged that Defendant terminated his employment because of his race. Such claims are cognizable under Title VII of the Civil Rights Act, 42 U.S.C. ' 2000e-5 et seq. and/or 42 U.S.C. ' 1981, and thus, upon receiving Plaintiff's Praecipe, Defendant reasonably believed that Plaintiff's claim(s) arose under the laws of the United States; claims over which the federal courts have original federal question jurisdiction. 28 U.S.C. § 1331. Thus, on May 2, 2002, Defendant filed a timely Notice of Removal to remove this action to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1331 and 1441 et seq., and ' 1367(a). A copy of Defendant's Notice of Removal is attached hereto as Exhibit B.

3. On May 31, 2002, Plaintiff filed a Motion for Remand Pursuant to 28 U.S.C. ' 1447(c), and a Civil Action Complaint ("Complaint") in the United States District Court for the Eastern District of Pennsylvania. In his Complaint, Plaintiff asserts two claims for relief: (1) a claim of race discrimination under the Philadelphia Fair Practices Ordinance; and (2) a state law claim of wrongful discharge. Plaintiff's Motion for Remand is attached hereto as Exhibit C. Plaintiff's Complaint is attached hereto as Exhibit D.

4. Plaintiff Kenneth Bostic is a citizen of the Commonwealth of Pennsylvania. See Complaint at & 1.

5. Home Depot is a Delaware corporation with its principal place of business in Atlanta, Georgia. See Complaint at & 3. Thus, there is complete diversity of citizenship between the parties in this action.

6. In his Complaint, Plaintiff alleges that in terminating his employment on March 30, 2000, Defendant treated him differently than it treated white workers and wrongfully discharged him in violation of public policy. Plaintiff claims that he has suffered a loss of

earnings, loss of earning capacity, a loss of benefits, pain and suffering, upset, emotional anguish, and a loss of life's pleasures as a result of Defendant's actions.  Plaintiff has requested compensatory damages, punitive damages, attorneys' fees and costs, and other equitable relief.  At the time of his termination in March 2000, Plaintiff made $10.50 per hour, i.e., an approximate annual salary of $21,800.  In light of Plaintiff's claim for compensatory damages, equitable relief, and punitive damages, Defendant has a good faith belief that the amount in controversy exceeds $75,000, exclusive of interest and costs.  See Affidavit of Judith E. Harris at & 4, attached hereto as Exhibit E.

    7.  Defendant first received notice of the filing of the Motion for Remand and the Complaint by mail from Plaintiff's counsel on June 3, 2001.  Accordingly, removal of this action is proper and timely pursuant to 28 U.S.C. § 1446(b), because Defendant is seeking removal within thirty days after receipt by the defendant, through service or otherwise, of a copy of the pleading from which is may be ascertained that the case is one which has become removable on the basis of diversity of citizenship.

    8.  With the exception of a Praecipe, the Motion for Remand, the Civil Action Complaint (all referenced above), and the Court's May 30, 2002 Order withdrawing this case from arbitration, no other process, pleading or order has been served on Defendant in this action in the Court of Common Pleas of Philadelphia County, Pennsylvania or in the United States District Court for the Eastern District of Pennsylvania.  A copy of the Praecipe is attached hereto as Exhibit A.  A copy of Defendant's [original] Notice of Removal is attached hereto as Exhibit B.  A copy of Plaintiff's Motion for Remand is attached hereto as Exhibit C.  A copy of Plaintiff's Complaint is attached hereto as Exhibit D.  A copy of the Court's May 30, 2002 Order

is attached hereto as Exhibit F.  These papers constitute all process, pleadings and orders to date in this case.

9.  Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Amended Notice of Removal will be given to Plaintiff, and a copy of this Amended Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

WHEREFORE, the above-captioned case is one over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 et seq., in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00 exclusive of interest and costs.  The Defendant, therefore, hereby amends its prior Notice of Removal and respectfully requests that this Court deny Plaintiff's Motion for Remand and retain jurisdiction over this matter.

Respectfully submitted,

HOME DEPOT USA, INC.

By its attorneys,

_____
JUDITH E. HARRIS (#02358)
LISA ANN COONEY (#80192)
LIGIA I. MENDEZ (#84602)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
(215) 963-5000

DATED: June 20, 2002                Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I, Ligia I. Mendez, hereby certify that a true and correct copy of the foregoing Motion In Opposition to Plaintiff's Motion for Remand and Amended Notice of Removal was served via First-Class Mail, postage pre-paid, this 20th day of June 2002 upon the following:

>Mark S. Scheffer
>700 Stephen Girard Building
>21 South 12th Street
>Philadelphia, PA 19107
>
>Attorney for Plaintiff

_____
Ligia I. Mendez (#84602)