IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH BOSTIC | : | CIVIL ACTION |
| v. | : | |
| HOME DEPOT USA, INC. | : | No. 02-2647 |

**ORDER**

AND NOW, this 3rd day of July, 2002, plaintiff Kenneth Bostic's motion to remand this action[1] to the Philadelphia Court of Common Pleas is granted.

Plaintiffs are "masters of their claims" and may select their remedies, including the foregoing of available federal causes of action.[2] Where diversity of citizenship exists, but a plaintiff elects to sue for less than the federal jurisdictional threshold, the amount in controversy is limited to the amount of the claim and diversity removal is impermissible.[3]

---

[1] This case arises out of the termination of plaintiff's employment, allegedly because of his race. Cmplt. ¶ 15-19. On March 27, 2002, plaintiff commenced the action in the Philadelphia Court of Common Pleas by praecipe for a summons. On May 2, 2002, defendant filed a notice of removal stating that plaintiff's employment discrimination claim was cognizable under Title VII of the Civil Rights Act. On May 31, 2002, plaintiff served the complaint on defendant and moved to remand on the ground that he had pursued only state law remedies - under the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101 et seq., and Pennsylvania common law. On June 20, 2002, defendant filed a "Motion in Opposition to Plaintiff's Motion for Remand and Amended Notice of Removal," asserting diversity of citizenship as an alternative basis for federal jurisdiction.

[2] United Jersey Banks v. Parell, 783 F.2d 360, 365 (3d Cir. 1986)(a plaintiff may choose not to assert a federal cause of action and may rely solely on state law).

[3] St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 294 (1938)("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); 14B Wright, Miller & Cooper, Federal Practice and Procedure § 3702 at 46 (1998)("Under well-settled principles, the plaintiff is the master of his or her claim; if the plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.").

Here, plaintiff has expressly chosen not to invoke a federal cause of action and has sought monetary relief "not in excess of $50,000."[4]  Accordingly, the motion for remand must be granted.

                                                        _____
                                                        Edmund V. Ludwig, J.

---

[4] 28 U.S.C. §1441: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1332: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States."